2015 UT App 83

# THE UTAH COURT OF APPEALS

ASSET ACCEPTANCE, LLC,
Plaintiff and Appellee,
*v.*
EDISON GUIMARAES,
Defendant and Appellant.

Per Curiam Decision
No. 20140244-CA
Filed April 9, 2015

Second District Court, Farmington Department
The Honorable David M. Connors
No. 129705443

Edison Guimaraes, Appellant Pro Se

Gregory M. Constantino, Attorney for Appellee

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, and
J. FREDERIC VOROS JR.

PER CURIAM:

¶1      Edison Guimaraes appeals a summary judgment in favor
of Asset Acceptance, LLC (Asset Acceptance) in a debt collection
case. We affirm.

¶2      We review a grant of summary judgment for correctness,
as a question of law, giving no deference to the district court's
legal conclusions. *See Basic Research, LLC v. Admiral Ins. Co.*, 2013
UT 6, ¶ 5, 297 P.3d 578. Summary judgment is appropriate only
when "there is no genuine issue as to any material fact . . . and
the moving party is entitled to a judgment as a matter of law."
Utah R. Civ. P. 56(c). Rule 56(e) of the Utah Rules of Civil
Procedure states, in relevant part,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Summary judgment, if appropriate, shall be entered against a party failing to file such a response.

¶3 Guimaraes claims both that the summary judgment motion was "premature" and that it was barred by the equitable doctrine of laches because the case had been abandoned. Neither claim has merit. Asset Acceptance filed the summary judgment motion after the case had been pending for roughly one year and it was not premature. Although the district court had given notice that the case was subject to dismissal for lack of prosecution, Asset Acceptance's subsequent filing of the motion for summary judgment demonstrated that the case had not been abandoned and the case was not barred by laches.

¶4 The district court did not err in failing to hold a hearing on the summary judgment motion. Guimaraes quotes the portion of rule 7(e) of the Utah Rules of Civil Procedure stating that the trial court "shall grant a request for a hearing on a motion under Rule 56 . . . unless the court finds that the motion or opposition to the motion is frivolous or the issue has been authoritatively decided." Utah R. Civ. P. 7(e). However, the language immediately preceding that statement clarifies that a party must request a hearing in the motion, in a memorandum, or in the request to submit for decision. *Id.* Neither party requested a hearing on the summary judgment motion, the district court did not deny a request for a hearing, and the court did not err by not holding a hearing.

¶5 The district court also did not err in granting the motion for summary judgment, which was supported by the affidavit of

an Asset Acceptance employee "familiar with the manner and method by which Asset Acceptance, LLC creates and maintains its business records." The affidavit stated that the records demonstrated that Asset Acceptance "purchased the receivable at issue in this case from WELLSFARGO-WF PERSONAL LCA," stated the original account number, and stated the amount claimed based upon the "records associated with the receivable." Guimaraes's arguments that the affiant was anonymous and that the affidavit was insufficient to establish the facts stated therein lack merit. Contrary to Guimaraes's assertion on appeal, the district court was not required to make findings of fact and conclusions of law on the summary judgment because the motion was not based upon alternative theories. *See* Utah R. Civ. P. 52.

¶6    Finally, the district court did not err in denying Guimaraes's request for a continuance of a status conference for the case, and Guimaraes was not prejudiced by that denial.

¶7    Affirmed.

––––––––––